UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ENGELMAYER

12 CV 7576

---------------------------------------------------------------X
KAMAL BOUTROS and SAMUEL ZUNIGA, on
behalf of themselves and others similarly situated,

       Plaintiffs,      **COMPLAINT**

   -against-        **Class Action**

JTC PAINTING AND DECORATING CORP.,  **Jury Trial Demanded**
and JOHN CARUSO,

       Defendants.
---------------------------------------------------------------X

RECEIVED OCT 10 2012

Plaintiffs, by their attorneys, Cary Kane LLP, complaining of Defendants, allege:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action, on behalf of themselves and other similarly situated employees to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiffs also bring this action, on behalf of themselves and other similarly situated employees to remedy violations of the New York State Labor Law §§ 190 *et seq.* and §§650 *et seq.* ("NYSLL"). Plaintiffs seek for themselves and other similarly situated employees declaratory and injunctive relief, unpaid wages, unpaid overtime, reasonable attorneys' fees, and all other appropriate legal and equitable relief pursuant to NYSLL §§198, and 663.

3. Plaintiffs seek to bring this action on behalf of themselves and other similarly situated employees as a collective action pursuant to 29 U.S.C. §216(b) and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

5. Jurisdiction of the Court over plaintiff's State Law claims is invoked pursuant to NYSLL §§198, 663 and 28 U.S.C. 1367(a) in that the state law claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper within this District pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within this district.

## PARTIES

7. Plaintiff Kamal Boutros resides in the county of Queens in the State of New York. At all relevant times, Boutros worked as a painter for the defendants.

8. Plaintiff Samuel Zuniga resides in the county of Westchester in the State of New York. At all relevant times, Zuniga worked as a painter for the defendants.

9. Defendant JTC Painting and Decorating Corporation. ("JTC") is a New York Corporation doing business in New York with a registered address for service of process at 144 McClean Avenue, Staten Island, New York. JTC is an "employer" within the definition of 29 U.S.C. §203(d) and NYSLL §§ 190 and 651.

10. Defendant John Caruso is an individual doing business in New York and, upon information and belief, an owner and/or officer of JTC. At all relevant times, Caruso had control

over the employment practices of JTC and was responsible for the wage and hour practices complained of herein. Therefore, Caruso is an "employer" within the definition of 29 U.S.C. §203(d) and NYSLL §§190 and 651.

## FACTUAL ALLEGATIONS

11. JTC is a painting contractor that provides commercial painting and decorating services in the greater New York City area.

12. Plaintiffs were, at all relevant times, employed by plaintiffs as painters working at various job sites at which JTC had been contracted to perform its services.

13. Plaintiff's jobs were non-exempt positions under both the FLSA and the NYSLL.

14. JTC and/or Caruso is a member of the Association of Master Painters and Decorators of New York, Inc. ("the Association"), an industry group that bargains collectively with District Council No. 9, IUPAT ("District Council 9").

15. During the relevant time periods, the applicable wage rate paid to journeymen painters employed by defendants was between $33.50 to $36.50 for brush and roll painting, and $36.50 to $39.50 for specialized painting such as spray painting or scaffolding work.

16. The collective bargaining agreement between the Association and District Council 9 provides for a 35 hour work week, all hours over 35 worked in a week are to be paid at the rate of time and a half the workers' regular rate of pay.

17. Plaintiffs regularly worked in excess of 35 hours a week, as well as regularly in excess of 40 hours per week. However, plaintiffs were not paid overtime for hours worked in excess of 35 hours per week or for hours worked in excess of 40 hours per week. Instead, plaintiffs were paid straight time wages for all hours.

18. Defendants would regularly pay plaintiffs a payroll check for the first 35 hours worked in a week, and in cash or with a non-payroll check for hours in excess of 35 hours per week.

19. Upon information and belief, defendants failed to make, keep and preserve records as required by 29 U.S.C. §211(c) and the NYSLL.

## COLLECTIVE ACTION ALLEGATIONS

20. Upon information and belief, defendants have, at all relevant times, employed over 100 employees who worked in the non-exempt position of painter.

21. Upon information and belief, defendants have failed to pay each of these employees overtime premiums of one and half times their hourly rate for hours worked in excess of forty hours per week.

22. The unlawful employment practices at issue with respect to the other similarly situated employees of the defendants are identical to the unlawful employment practices with respect to Plaintiffs. In all cases, the defendants have failed to pay the statutorily required overtime rate for all hours worked in excess of forty-hours per week pursuant to the FLSA, have failed to keep accurate time records of all hours worked by painters, and have known of and/or shown reckless disregard for whether these and other practices violate the FLSA.

23. Other employees currently or formerly employed by the defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action will afford other employees to receive notice of the action and allow them to opt in to such an action if they choose.

24. Consent forms executed by each named plaintiff have been annexed to this complaint as Exhibit A.

## CLASS ACTION ALLEGATIONS

25. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the named Plaintiffs bring this action individually and on behalf of the following class of persons ("the Class"): All individuals who have been employed as Painters for the Defendants during the relevant statute of limitations period, including any and all periods for which equitable tolling is appropriate.

26. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable. Upon information and belief, for the past 6 years, well over 300 individuals have worked as painters for the Defendants.

27. Questions of law and fact common to the class include, but are not limited to, the following.

    a. Whether plaintiffs and other similarly situated individuals have failed to receive pay at the overtime rate of one and one-half their regular hourly pay rate for each hour worked in excess of forty hours per week;

    b. Whether plaintiffs and other similarly situated individuals have failed to receive pay at the overtime rate of one and one-half their regular hourly pay rate for each hour worked in excess of thirty-five hours per week;

    c. Whether defendants failed to comply with the posting and notice requirements of the NYSLL;

    d. Whether defendants failed to provide plaintiffs and similarly situated workers with accurate statements of wages, hours worked, rates paid and gross wages as required by the NYSLL;

    e. Whether defendants practices were done without a reasonable and good faith belief that their practices were in compliance with the law.

  f. Whether members of the Class have sustained damages and, if so, the proper measure of damages.

28. The claims of the named Plaintiffs are typical of the claims of the Class in that the named plaintiffs have suffered the same type of damages as other Class members and were subjected to the same policies and practices.

29. The named plaintiffs will fairly and adequately protect the interests of the Class. The interests of the named plaintiffs are aligned with those of the Class, and the named plaintiffs have no conflicts of interest with the Class. In addition, the named plaintiffs are represented by qualified and experienced counsel.

30. By engaging in the policies and practices set forth in paragraphs 15 through 19, the defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declarative, and monetary relief with respect to the Class as a whole.

31. Questions of law or fact common to the members of the Class, including but not limited to the common questions of law or fact enumerated in paragraph 27 predominate over any questions affecting only the named plaintiffs, and a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

32. For these reasons, the Class should be certified under Rule 23(b) of the Federal Rules of Civil Procedure.

## AS AND FOR A FIRST CAUSE OF ACTION

(Failure to Pay Overtime Wage – FLSA)

33. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 32 as set forth above.

34. At all relevant times, defendants did not pay plaintiffs at the statutorily required overtime wage rate of time and one-half for all hours worked by plaintiffs in excess of forty-hours per week.

35. Upon information and belief, at all relevant times, defendants did not pay other painters the statutorily required overtime rate of time and one-half for all hours worked in excess of forty per week.

36. Defendants, by the above acts, have violated 29 U.S.C. §207.

37. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. §255(a).

38. Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendants acts and/or omissions unless and until the Court grants the relief herein.

39. No previous application has been made for the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

(Failure to Pay Overtime Wage – NYSLL)

40. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 39 as set forth above.

41. At all relevant times, defendants did not pay plaintiffs at the statutorily required overtime wage rate of time and one-half for all hours worked by plaintiffs in excess of forty-hours per week.

42. Upon information and belief, at all relevant times, defendants did not pay other painters the statutorily required overtime rate of time and one-half for all hours worked in excess of forty per week.

43. Defendants, by the above acts, have violated NYSLL § 652 and 12 NYCRR § 142.2.2.

44. Defendants had no reasonable good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL § 663.

45. Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendants acts and/or omissions unless and until the Court grants the relief herein.

46. No previous application has been made for the relief requested herein.

### AS AND FOR A THIRD CAUSE OF ACTION

New York State Labor Law – Frequency of Payments

47. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 46 as set forth above.

48. Plaintiffs and all similarly situated workers were "manual workers" as defined in Section 190(4) of the NYSLL.

49. Pursuant to Section 191(1)(a) of the NYSLL, Defendants were required to pay plaintiffs and similarly situated workers their full wages in cash no later than seven calendar days after the week in which those wages were earned.

50. By failing to pay plaintiffs and similarly situated workers time and a half their regular rate of pay for all hours worked over thirty-five hours in a week, defendants failed to pay plaintiffs their full wages within the time period set forth under the New York State Labor Law.

51. Defendants, by the above acts, have violated NYSLL §191.

52. Defendants had no reasonable good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198(1-a).

53. Plaintiffs and similarly situated employees have suffered, are now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendants' acts and/or omissions unless and until the Court grants the relief herein.

54. No previous application has been made for the relief requested herein.

## AS AND FOR A FOURTH CAUSE OF ACTION

New York State Labor Law – Unlawful Deductions

55. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 54 above.

56. Pursuant to NYSLL § 193, defendants were prohibited from making any deduction from plaintiffs' wages.

57. By failing to pay plaintiffs and similarly situated workers time and a half their regular rate of pay for all hours worked over thirty-five hours in a week, defendants unlawfully deducted from plaintiff's wages in violation of NYSLL § 193.

58. Plaintiffs and similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of the defendants' acts and/or omissions unless and until the Court grants the relief herein.

59. Defendants had no reasonable good faith basis to believe that their actions were in compliance with the law, within the meaning of NYSLL §198(1-a).

60. No previous application has been made for the relief requested herein.

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the FLSA and NYSLL;

(b)     declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. §255;

(c)     enjoining and permanently restraining the violations alleged herein, pursuant to 29 U.S.C. §217;

(d)     directing defendants to make plaintiffs and other similarly situated workers whole for all unpaid overtime wages as a result of the Defendant's violations of the FLSA and NYSLL;

(e)     directing defendants to pay plaintiffs and other similarly situated workers liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL §§ 198 and 663;

(f)     awarding plaintiffs and other similarly situated workers prejudgment interest on all unpaid wages;

(g)     awarding plaintiffs and other similarly situated workers the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL §§198 and 663; and

(h)     Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       October 9, 2012

                                          Respectfully submitted,
                                          CARY KANE LLP
                                          Attorneys for Plaintiff

                                          By: /s/ Joshua Parkhurst
                                          Joshua Parkhurst (JP5022)
                                          1350 Broadway, Suite 1400
                                          New York, NY  10018
                                          (212) 868-6300

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their above-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in the above-captioned action.

Dated: New York, New York
       October 9, 2012

                              Respectfully submitted,
                              CARY KANE LLP
                              Attorneys for Plaintiff

                              By: _____
                              Joshua Parkhurst (JP5022)
                              1350 Broadway, Suite 1400
                              New York, NY  10018
                              (212) 868-6300

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAMAL BOUTROS and SAMUEL ZUNIGA, on :
behalf of themselves and others similarly situated, :
: 
            Plaintiffs,                  :         **CONSENT TO BECOME**
                                         :         **PARTY PLAINTIFF**
       -against-                         :
                                         :
JTC PAINTING AND DECORATING CORP.,       :
and JOHN CARUSO                          :
                                         :
            Defendants.                  :
------------------------------------------------------------X

    By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.


_K Boutros_                                   Dated: _9/20/2012_
(Signature)


_KAMAL BOUTROS_
(Print your name)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KAMAL BOUTROS and SAMUEL ZUNIGA, on :
behalf of themselves and others similarly situated, :
:
                   Plaintiffs, :    **CONSENT TO BECOME**
                                                 :    **PARTY PLAINTIFF**
             -against- :
:
JTC PAINTING AND DECORATING CORP., :
and JOHN CARUSO :
:
                   Defendants. :
-----------------------------------------------------------X

      By my signature below, I hereby authorize the filing and prosecution of the above-described Fair Labor Standards Act action in my name and on my behalf by the named plaintiffs and so designate the named plaintiffs as my agent to make decisions on my behalf concerning the lawsuit, the method and manner of conducting the lawsuit, entering into an agreement with the named plaintiffs' counsel concerning attorneys' fees and costs, entering into a settlement agreement with the defendants, and all other matters pertaining to this lawsuit.

_____      Dated: 9-20-12
(Signature)

SAMUEL ZUNIGA
(Print your name)