UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                :

KAMAL BOUTROS and SAMUEL ZUNIGA,          :
*on behalf of themselves and others similarly situated*,    :       12 Civ. 7576 (PAE)
                                                                            :
                                       Plaintiffs,            :       OPINION & ORDER
                                                                               :
                                          -v-                          :
                                                                               :
JTC PAINTING AND DECORATING CORP., and JOHN :
CARUSO,                                                                                :
                                                                               :
                                      Defendants.           :
                                                                               :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Kamal Boutros and Samuel Zuniga bring this action on behalf of themselves and similarly situated plaintiffs, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") §§ 191 *et seq.*, by defendants JTC Painting and Decorating Corporation ("JTC") and John Caruso, one of JTC's officers. Plaintiffs move for conditional collective action certification and court-approved notice. For the reasons that follow, that motion is denied. Plaintiffs' FLSA overtime claims are dismissed, without prejudice, and plaintiffs are granted leave to file a Second Amended Complaint.

**I.      Background**[1]

      **A.      Factual Background**

JTC is a painting contractor that provides commercial painting and decorating services in the greater New York City area. FAC ¶ 13. JTC is a member of an industry group that is a party to a collective bargaining agreement with the painter's union. That agreement provides for a 35-hour workweek, with any weekly hours worked above 35 hours being paid at a rate of time-and-a-half. *Id.* ¶¶ 16, 18. Caruso is an owner and/or officer of JTC. *Id.* ¶ 12.

Kamal Boutros was employed by JTC as a painter from July 2006 to November 2011. Boutros Decl. ¶ 1. During that time, his hourly rate of pay ranged from $33.50 to $35. *Id.* ¶ 3. Samuel Zuniga has been employed by JTC as a painter since September 2008. Zuniga Decl. ¶ 1. His hourly rate of pay has ranged from $34 to $36. *Id.* ¶ 3.

In their First Amended Complaint, plaintiffs allege that they "regularly worked in excess of 35 hours a week, as well as regularly in excess of 40 hours per week." FAC ¶ 19. However, they allege, they were not paid overtime for hours worked in excess of 40 hours per week as required by the FLSA, but rather were paid straight time wages. *Id.* Plaintiffs allege that "[d]efendants would regularly pay plaintiffs a payroll check for the first 35 hours worked in a week, and in cash or with a non-payroll check for hours in excess of 35 hours per week." *Id.* ¶ 20.

---

[1] The Court's account of the facts is drawn from the First Amended Complaint ("FAC") (Dkt. 15), the Declaration of Kamal Boutros ("Boutros Decl.") (Dkt. 21), and the Declaration of Samuel Zuniga ("Zuniga Decl.") (Dkt. 22). *See Hamadou v. Hess Corp.*, No. 12 Civ. 250 (CM)(JLC), 2013 WL 164009, at *11 (S.D.N.Y. Jan. 16, 2013) ("Courts do not resolve factual disputes or make creditability determinations at the conditional certification stage. In fact, courts in this Circuit regularly rely on hearsay evidence to determine the propriety of sending a collective action notice. This is to be expected, since the initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations." (citations and alterations omitted)).

Plaintiffs repeat these allegations in their declarations submitted in support of this motion. Both state that they "regularly worked more than 40 hours a week." Boutros Decl. ¶ 6; Zuniga Decl. ¶ 6. Both state that they were "rarely" paid the overtime rate for any hours over 40 worked, the only exceptions being when they worked on public works projects, such that government inspectors were present, or when a shop steward from the union was present. Boutros Decl. ¶ 7; Zuniga Decl. ¶ 7. Both state that JTC regularly paid them with a payroll check for the first 35 hours worked, but paid in cash or with a non-payroll check for any hours worked in excess of 35 hours per week. Boutros Decl. ¶ 8; Zuniga Decl. ¶ 8. Finally, both state that their lawyers showed them payroll records provided by JTC, but that those records "consistently and extensively understate how many hours I worked every week." Boutros Decl. ¶ 10; Zuniga Decl. ¶ 10.

Plaintiffs allege that JTC employed more than 100 employees who worked as painters during the relevant time period, and that JTC failed to pay each of these employees the proper overtime rate. FAC ¶¶ 22–23. Plaintiffs allege that these employees are similarly situated, and were subject to the same unlawful treatment as plaintiffs. *Id.* ¶ 24. Both plaintiffs state in their declarations that they worked with "dozens of other painters" who did substantially the same work and who had the same terms and conditions of employment. Boutros Decl. ¶ 4; Zuniga Decl. ¶ 4. Both further state that "I discussed [the overtime compensation] issue with other painters, who told me they had same problem. I saw them receiving envelopes that looked the same as the ones I received containing the cash or non-payroll checks for my additional pay for hours above 35." Boutros Decl. ¶ 9; Zuniga Decl. ¶ 9.[2]

---

[2] In addition to these overtime compensation claims, Zuniga brings separate allegations that he was retaliated against for his participation in this lawsuit. He alleges that he was terminated from his job after JTC learned of this suit; although he was brought back to work after his

B.      **Procedural History**

On October 10, 2012, plaintiffs filed a Complaint. Dkt. 1. After defendants filed an Answer, Dkt. 4, the parties stipulated that plaintiffs be granted leave to amend the Complaint to add Zuniga's retaliation claims, Dkt. 12. On March 1, 2013, plaintiffs filed their First Amended Complaint. Dkt. 15. On March 15, 2013, plaintiffs filed this motion for collective action certification. Dkt. 18–22. On April 11, 2013, defendants filed an opposition. Dkt. 24–27. On April 17, 2013, plaintiffs filed a reply. Dkt. 28. On May 15, 2013, the Court approved an extension of the discovery period to June 15, 2013. Dkt. 30.

## II.    Applicable Legal Standard

The FLSA provides that an action may be maintained against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 28 U.S.C. § 216(b). "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).[3] "In determining whether to exercise this discretion . . . the district courts of this Circuit appear to have coalesced around a two-step method," which the Second Circuit has endorsed as "sensible." *Id.* at 555; *see, e.g.*, *Damassia v. Duane Reade,*

---

attorney intervened, he has been given less work and less desirable assignments. He further alleges that his mistreatment has deterred other painters from joining this suit. *See* FAC ¶¶ 64–70; Zuniga Decl. ¶¶ 11–17; Boutros Decl. ¶ 11. These allegations, however, are not relevant to this motion, as the retaliation claim is unique to Zuniga and plaintiffs do not seek conditional certification on that claim. *See* Pl. Reply Br. 4 n.1.

[3] *Hoffman-La Roche* involved the parallel provision of the Age Discrimination in Employment Act, which incorporated the enforcement provisions of FLSA, including § 216(b). Therefore, "*Hoffman-La Roche's* interpretation of § 216(b) . . . binds us in FLSA cases as well." *Myers*, 624 F.3d at 554 n.9.

*Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.).

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffman*, 982 F. Supp. at 261). Although "[t]he 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' . . . it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *accord Damassia*, 2006 WL 2853871, at *3 ("[A] plaintiff's burden at this preliminary stage is 'minimal.'" (collecting cases)); *Hoffman*, 982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one."). "A court need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice." *Damassia*, 2006 WL 2853971, at *3; *accord Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003); *Hoffman*, 982 F. Supp. at 262.

"At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

**III.     Discussion**

Plaintiffs move for conditional certification of a collective action with regard to their claims that JTC failed to pay overtime wages.  The FLSA requires that an employee who works more than 40 hours in a given workweek be compensated for the hours worked in excess of 40 "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  As the Second Circuit recently explained, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  In *Lundy*, the Second Circuit held that plaintiffs failed to state a plausible overtime claim because they had not alleged a "single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id.*  It was not enough, the court held, for one plaintiff to allege that she "typically" worked 37.5 hours a week and "occasionally" worked an additional 12.5-hour shift, and for another plaintiff to allege that she "typically" worked 30 hours per week and "approximately twice a month" worked between 37.5 and 45 hours.  *Id.* at 114–15.

Plaintiffs' allegations in this case are akin to the vague, conclusory pleadings in *Lundy*. Plaintiffs simply state that they "regularly" worked in excess of 40 hours per week but were paid only straight time wages for that work.  FAC ¶¶ 19–20.  That is all the detail that is provided—nowhere is there any reference to any particular week in which either plaintiff worked more than 40 hours.  Plaintiffs' pleadings, therefore, lack sufficient particularity to state a plausible FLSA claim.  *Lundy*, 711 F.3d at 114; *see Cromwell v. N.Y.C. Health & Hosps. Corp.*, No. 12 Civ. 4251 (PAE), 2013 WL 2099252, at *3–4 (S.D.N.Y. May 15, 2013).

Plaintiffs' declarations in support of their motion for conditional certification provide no further detail. Each declaration reasserts that the declarant "regularly" worked more than 40 hours a week but was "rarely" paid the time-and-a-half overtime rate. Boutros Decl. ¶¶ 6–7; Zuniga Decl. ¶¶ 6–7. This lack of specificity persists even though plaintiffs assert that they have reviewed JTC's payroll records; rather than setting forth examples of inaccuracies in these records, plaintiffs simply state that the records "consistently and extensively understate how many hours" plaintiffs worked each week. Boutros Decl. ¶ 10; Zuniga Decl. ¶ 10. *Lundy* does not require that plaintiffs reconstruct the exact hours they worked each week over the entire course of their employment—that would be an insurmountable task for most plaintiffs. But it does require that plaintiffs allege with greater specificity that they worked overtime hours for which they were not properly compensated.

Although a district court need not evaluate the merits of a plaintiff's claim in order to determine whether similarly situated plaintiffs exist for purposes of conditional certification and court-authorized notice, *see, e.g.*, *Damassia*, 2006 WL 2853971, at *3; *Gjurovich*, 282 F. Supp. 2d at 105; *Hoffman*, 982 F. Supp. at 262, and "[t]he court is not to resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations" at this stage, *see, e.g.*, *Hamadou*, 2013 WL 164009, at *9 (citations omitted), plaintiffs' pleadings must be legally sufficient. *See Gjurovich*, 282 F. Supp. 2d at 105 ("*Once the Plaintiff makes a colorable claim for relief*, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff." (emphasis added)). The court's discretionary power to facilitate the sending of notice to potential class members is premised on its use as a tool for efficient case management, *Hoffman-LaRoche*, 493 U.S. at 169, 174; *Myers*, 624 F.3d at 555 n.10, and it does not promote efficient case management to facilitate notice to potential class

7

members where the representative plaintiffs have failed to state plausible FLSA violations. Just as the court would not certify a FLSA collective action based on claims sounding solely in state law, it makes little sense to certify a collective action based on manifestly deficient pleadings. Plaintiffs' motion for conditional certification and court-approved notice is therefore denied.

Because the First Amended Complaint lacks the specificity required by *Lundy*, the Court dismisses plaintiffs' overtime claims.[4] That dismissal is without prejudice, however, both because the dismissal is *sua sponte* (defendants have not filed a motion to dismiss), and because the First Amended Complaint was filed on March 1, 2013—the same day *Lundy* was decided. Plaintiffs are granted leave to file a Second Amended Complaint, so that they may attempt to replead their overtime claims with the specificity required by *Lundy*.

The Court is also open to allowing plaintiffs to renew their motion for conditional certification and court-approved notice once they have sufficiently pled a FLSA violation.[5] However, due to numerous extensions of the briefing schedule for this motion, *see* Dkt. 12, 16, 23, this decision coincides with the close of discovery on June 15, 2013. Additionally, plaintiffs'

---

[4] The Court does not, however, dismiss Zuniga's separate FLSA retaliation claim. That claim survives whether or not plaintiffs choose to replead their overtime claims.

[5] Although the Court does not resolve whether, if not for the deficiency of their pleadings, plaintiffs would have made the "modest factual showing" required for court-approved notice, the Court notes that such a showing cannot be established simply by "unsupported assertions." *Myers*, 624 F.3d at 555. Plaintiffs' submissions on this point consist primarily of their matching statements in their declarations that "I discussed [the overtime issue] with other painters, who told me they had the same problem. I saw them receiving envelopes that looked the same as the ones I received containing the cash or non-payroll checks for my additional pay for hours above 35." Boutros Decl. ¶ 9; Zuniga Decl. ¶ 9. *See also* Boutros Decl. ¶ 4 ("During my time working at JTC, I encountered dozens of other painters, with whom I worked, who did substantially the same work as me, and who had the same basis terms and conditions of work as me, as far as I know."); Zuniga Decl. ¶ 4 (same); Compl. ¶¶ 22–24 (alleging that JTC employed over 100 similarly situated employees who were subject to similar unlawful treatment). To the extent the evidence adduced in discovery permits plaintiffs to augment these submissions with additional evidence that potential opt-in plaintiffs were victims of a common policy or plan that violated the FLSA, they are encouraged to do so.

motion for Rule 23 class certification is due July 12, 2013. Dkt. 30. Therefore, to ensure that the parties do not engage in separate briefing on overlapping issues, the Court will suspend the deadline for plaintiffs' Rule 23 motion. Plaintiffs shall file their Second Amended Complaint no later than July 12, 2013. No later than July 26, 2013, the parties are directed to meet in person for at least one hour to discuss settlement of this case. If a settlement is not reached, the parties are directed to submit a letter to the Court, no later than August 2, 2013, setting forth their views on an appropriate schedule going forward, including briefing schedules for any FLSA and/or Rule 23 certification motion plaintiffs intend to make.[6]

## CONCLUSION

Plaintiffs' motion for conditional collective action certification and court-approved notice is denied, without prejudice. Plaintiffs' FLSA overtime claims are dismissed, without prejudice. Plaintiffs are granted leave to file a Second Amended Complaint, which must be filed no later than July 12, 2013.

SO ORDERED.

*Paul A. Engelmayer* (signature)
Paul A. Engelmayer
United States District Judge

Dated: June 19, 2013
      New York, New York

---

[6] Plaintiffs also request that the Court equitably toll the statute of limitations for potential opt-in class members to the date of the filing of the original Complaint. *See* 29 U.S.C. § 256(b) (generally, in a FLSA collective action, an individual claimant's case is considered commenced on the date his written consent is filed). That request is properly entertained at a later date. *See, e.g., Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).