**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

**KAMAL BOUTROS and SAMUEL ZUNIGA, on**          :          No. 12-cv-7576
**behalf of themselves and others similarly situated,**          :
                                                                 :
                                              **Plaintiffs,**          :
                                                                 :
        **-against-**                                            :
                                                                 :
**JTC PAINTING AND DECORATING CORP.,**          :
**and JOHN CARUSO,**          :
                                                                 :
                                              **Defendants,**          :

------------------------------------------------------------x


# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE OR IN CONJUNCTION, MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)


LEVINE & BLIT, PLLC
*Attorneys for Defendants*

350 Fifth Avenue – Suite 3601
New York, New York 10118
Tel. (212) 967-3000

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................... iii

I.      PRELIMINARY STATEMENT..................................................................... 1

II.     BACKGROUND............................................................................................ 2

        A.      Allegations of an Employer-Employee Relationship and
                Interstate Activity.............................................................................. 2

        B.      Allegations of Unpaid Overtime......................................................... 3

        C.      Procedural History.............................................................................. 3

II.     ARGUMENT.................................................................................................. 4

        A.      Plaintiffs' FLSA overtime claims should be dismissed pursuant to Rule
                12(b)(6) because the Second Amended Complaint contains no allegations
                of interstate activity........................................................................... 4

                1.      Legal Standards........................................................................ 4

                2.      Plaintiffs have failed to adequately allege any involvement in
                        interstate activity that would trigger FLSA coverage.................. 6

                3.      To the extent, if any, that Plaintiffs' Second Amended Complaint
                        alleges a gap-time cause of action under the FLSA, such a claim
                        must be dismissed..................................................................... 8

                4.      Plaintiffs' FLSA overtime claims should be dismissed with
                        prejudice because the Court has put Plaintiffs on notice of their
                        First Amended Complaint's pleading deficiencies; yet, Plaintiffs
                        have failed to cure such deficiencies.......................................... 8

        B.      Alternatively or in conjunction with Defendants Rule 12(b)(6) motion,
                Plaintiffs' FLSA and Labor Law claims should be dismissed for a lack
                of subject matter jurisdiction pursuant to Rule 12(b)(1)...................... 10

                1.      Legal Standards........................................................................ 10

                2.      Plaintiffs' FLSA overtime causes of action should be dismissed
                        for a lack of subject matter jurisdiction because their claims have
                        been rendered moot by JTC Painting's offer of full satisfaction of
                        their FLSA claims..................................................................... 10

i

**3.** **Plaintiffs' Labor Law causes of action should be dismissed for lack of subject matter jurisdiction because, without the FLSA overtime cause of action, there remains no common nucleus of operative fact to justify the exercise of supplemental jurisdiction.... 16**

**IV.** **CONCLUSION...................................................................…..…......…............. 19**

## TABLE OF AUTHORITIES

**CASES**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co.,*
    No. 08-CV-7508 (SAS), 2009 WL 3346674 (S.D.N.Y. Oct. 15, 2009).......................... 8

*Ackerman v. Ackerman,*
    908 F. Supp.2d 540 (S.D.N.Y. 2012)................................................................... 8

*Achtman v. Kirby, McInerney & Squire, LLP,*
    464 F.3d 328 (2d Cir. 2006)................................................................... 17, 18

*Allen v. WestPoint-Pepperell, Inc.,*
    945 F.2d 40 (2d Cir. 1991)....................................................................... 5

*Archie v. Grand Central P'ship., Inc.,*
    997 F. Supp. 504 (S.D.N.Y. 1998)................................................................. 6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................. 5

*Aurecchione v. Schoolman Transp. Sys., Inc.,*
    426 F.3d 635 (2d Cir. 2005)................................................................... 10

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................. 5

*Briggs v. Arthur T. Mott Real Estate LLC,*
    No. 06-CV-468 (DRH), 2006 WL 3314624 (E.D.N.Y. Nov. 14, 2006)............ 10, 14, 15

*City of New Rochelle v. Town of Mamaroneck,*
    111 F. Supp. 2d 353 (S.D.N.Y. 2000)............................................................ 17

*Darboe v. Goodwill Industries,*
    485 F.Supp.2d 221 (E.D.N.Y. 2007)............................................................. 14

*Fox v. Bd. Of Trs. Of the State Univ. of New York,*
    42 F.3d 135 (2d Cir. 1994)....................................................................... 11

*Genesis Healthcare Corp. v. Symczyk,*
    133 S.Ct. 1523 (2013)................................................................. 11, 12, 15, 16

*Lerner v. Fleet Bank, N.A.,*
    318 F.3d 113 (2d Cir. 2003)..................................................................... 17

*Lundy v. Catholic Health Sys. Of Long Island, Inc.,*
  711 F.3d 106 (2d Cir. 2013)...............................................................4, 5, 8, 9

*Lyndonville Sav. Bank & Trust Co. v. Lussier,*
  211 F.3d 697 (2d Cir. 2000)...........................................................17

*Miller v. Lovett,*
  879 F.2d 1066 (2d Cir.1989)...........................................................17

*Nichols v. Mahoney,*
  608 F. Supp.2d 526 (S.D.N.Y. 2009)...........................................6, 7, 9

*New York Criminal Bar Ass'n v. Newton,*
  33 F. Supp.2d 289 (1999 S.D.N.Y.)...........................................10

*Nowak v. Ironworkers Local 6 Pension Fund,*
  81 F.3d 1182 (2d Cir. 1996)...........................................................10

*Patane v. Clark,*
  503 F.3d 106 (2d Cir. 2007)...........................................................5

*Phifer v. City of New York,*
  289 F.3d 49 (2d Cir. 2002)...........................................................10

*Reed v. TJX Companies Inc.,*
  2004 WL 2415055 (N.D.Ill. Oct. 27, 2004)...........................................12

*Rodriguez v. Almighty Cleaning, Inc.,*
  784 F. Supp.2d 114 (E.D.N.Y. 2011)...........................................6

*Rubery v. Buth–Na–Bodhaige, Inc.,*
  494 F. Supp.2d 178 (W.D.N.Y. 2007)...........................................11

*Tasini v. AOL, Inc.,*
  851 F. Supp.2d 734 (S.D.N.Y. 2012)...........................................9

*Tony & Susan Alamo Found. v. Sec'y of Labor,*
  471 U.S. 290 (1985)...........................................................6

*Velasquez v. Digital Page, Inc.,*
  842 F. Supp.2d 486 (E.D.N.Y. 2012)...........................................11, 12, 14

*Ward v. Bank of New York,*
  455 F. Supp.2d 262 (S.D.N.Y. 2006)...........................................11, 12, 13, 14

iv

*Zhong v. August August Corp.*,
   498 F. Supp.2d 625 (S.D.N.Y. 2007)..............……..................................... 5, 6, 7, 9

## STATUTES

28 U.S.C. § 1367(a)................................................................................................... 16

28 U.S.C. § 1367(c)(3)..........................................................................…….................. 17

29 U.S.C. § 203(d)............................................................................................…….. 7

29 U.S.C. § 203(r)..............................................................................................…….. 7

29 U.S.C. § 203(s)............................................................................................…….... 7

29 U.S.C. § 203(s)(1)(A).................................................................................……..... 6

29 U.S.C. § 206(a)............................................................................................…….... 6

29 U.S.C. § 207(a)(1).........................................................................................…….. 5, 6, 7

29 C.F.R. § 779.103...........................................................................……..................... 6

F.R.C.P. Rule 12(b)(1)....................................................................................…….. 1, 4, 10, 19

F.R.C.P. Rule 12(b)(6)....................................................................................……... 1, 4, 5, 7, 19

## I.   **PRELIMINARY STATEMENT**

Defendants JTC Painting and Decorating Corp. and John Caruso (collectively referred to as "JTC Painting" or "Defendants") respectfully moves this Court for an Order dismissing, with prejudice, the overtime claims brought under the Fair Labor Standards Act of 1938 ("FLSA") in the Second Amended Complaint filed by Kamal Boutros ("Boutros") and Samuel Zuniga ("Zuniga") (hereinafter, Boutros and Zuniga shall be collectively referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, for a failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P."), because Plaintiffs' Second Amended Complaint fails to adequately allege FLSA overtime claims. Specifically, Plaintiffs have failed to include allegations of interstate activity, *i.e.* individual or enterprise coverage by the FLSA; a *prima facie* requirement for such a claim. Dismissal with prejudice of Plaintiffs' Second Amended Complaint is warranted because the Court put Plaintiffs on notice of their deficiencies and provided the applicable statute and case law that clearly identifies the requirements for successfully pleading a FLSA overtime cause of action; yet, Plaintiffs have failed to cure such deficiencies.

In the alternative, JTC Painting respectfully moves this Court for an Order dismissing the FLSA overtime claims and New York Labor Law wage, frequency of payment, and unlawful deductions claims contained in the Second Amended Complaint brought by Plaintiffs for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the F.R.C.P. Dismissal for lack of subject matter jurisdiction is appropriate for Plaintiffs' FLSA overtime claims because JTC Painting has made a Rule 68 offer of judgment that

fully satisfies the FLSA wage damages allegedly owed to Plaintiffs, which Plaintiff

Zuniga has accepted and Plaintiff Boutros has refused to accept, thereby rendering their

FLSA overtime claim moot. As such, the collective action of similarly-situated

employees, which Plaintiffs allege exists but has not yielded a single additional opt-in

plaintiff in over nine months, is also mooted since no other named or identified plaintiff

exists. Without a FLSA wage claim, Plaintiffs' Labor Law wage, frequency of payment,

and unlawful deductions claims have no common nucleus of operative fact with any

cause of action over which this Court has original jurisdiction. Therefore, JTC Painting

respectfully requests that this Court refuses to exercise supplemental jurisdiction over

Plaintiffs' Labor Law claims and such claims be dismissed for a lack of subject matter

jurisdiction.

## II.     BACKGROUND

### A.     Allegations of an Employer-Employee Relationship and Interstate Activity

Plaintiff Boutros and Plaintiff Zuniga worked as painters for JTC Painting "at all

times relevant" to this action. Second Am. Compl., ¶¶ 10-11. JTC Painting is a New

York corporation doing business in New York and "is an 'employer' within the definition

of 29 U.S.C. § 203(d) and NYLL §§ 190 and 651." *Id.* at ¶ 12. Mr. Caruso is an

individual doing business in New York and "is an 'employer' within the definition of 29

U.S.C. § 203(d) and NYLL §§ 190 and 651." *Id.* at ¶ 13. "JTC is a painting contractor

that provides commercial painting and decorating services in the greater New York City

area. *Id.* at ¶ 14. Plaintiffs were non-exempt employees of JTC Painting. *Id.* at ¶ 15-16.

2

### B.    Allegations of Unpaid Overtime

"Plaintiffs regularly worked…in excess of 40 hours a week." *Id.* at ¶ 20.  Plaintiffs'

Complaint lists all of the hours worked in excess of 40 per week by Boutros and Zuniga

for the time period of October 14, 2009 until December 21, 2011 within their Complaint.

*Id.* at ¶¶ 21, 23. "However, plaintiffs were not paid overtime…for hours worked in excess

of 40 hours per week." *Id.* at ¶ 20. "Instead, plaintiffs were paid straight time wages…."

*Id.* "[JTC Painting] would regularly pay plaintiffs a payroll check for the first 35 hours

worked in a week, and in cash or with a non-payroll check for hours in excess of 35 hours

per week." *Id.* at ¶ 25. "At all relevant times, defendants did not pay plaintiffs at the

statutorily required overtime rate of time and one-half for all hours worked by plaintiffs

in excess of forty-hours per week." *Id.* at ¶ 41. "Upon information and belief, at all

relevant times, defendants did not pay other painters the statutorily required overtime rate

of time and one-half for all hours worked in excess of forty per week." *Id.* at ¶ 42.

### C.    Procedural History

The instant action was filed by Plaintiffs on October 10, 2012 by filing their first

Complaint. (ECF Docket No. 1). On March 1, 2013, Plaintiffs filed their First Amended

Complaint. (ECF Docket No. 15).  On March 13, 2013, JTC Painting submitted its

Answer to the First Amended Complaint.  On March 15, 2013, Plaintiffs' moved to

conditionally certify the collective action, which JTC Painting opposed. (ECF Docket

Nos. 18-28).  On June 19, 2013, the Court issued its Opinion and Order concerning

Plaintiffs' motion to conditionally certify the class, in which the Court *sua sponte*

dismissed Plaintiffs' First Amended Complaint. Exhibit A; (ECF Docket No. 31). In the

Court's Opinion and Order, the Court referred Plaintiffs' to 29 U.S.C. § 207(a)(1) and

3

*Lundy v. Catholic Health Sys. Of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013), to provide guidance in crafting sufficient pleadings to withstand a Rule 12(b)(6) motion to dismiss. In the meantime, JTC Painting received a spreadsheet from Plaintiffs as part of discovery identifying the hours and amounts claimed by Plaintiffs. Exhibit B. Based on the hours and amounts provided by Plaintiffs, JTC Painting was able to calculate the amount of FLSA overtime wages claimed by Plaintiffs. Exhibit C. On July 12, 2013, Plaintiffs filed their Second Amended Complaint. Exhibit D; (ECF Docket No. 33). On July 16, 2013, JTC Painting served their Rule 68 offers of judgment for Boutros and Zuniga, which was made to fully satisfy the FLSA overtime claims brought by the two named plaintiffs in the instant action. Exhibit E. On August 1, 2013, Zuniga provided notice of acceptance of JTC Painting's offer of judgment, while Boutros rejected JTC Painting's offer of judgment. Exhibit F; Declaration of Justin S. Clark, ¶ 2. JTC Painting now moves the Court to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6), or, alternatively or in conjunction, to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the F.R.C.P.

## III.    ARGUMENT

### A.    Plaintiffs' FLSA overtime claims should be dismissed pursuant to Rule 12(b)(6) because the Second Amended Complaint contains no allegations of interstate activity.

#### 1.    Legal Standards

When evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the nonmoving party's favor.

4

*Patane v. Clark*, 503 F.3d 106, 111 (2d Cir. 2007). "In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In order for a cause of action for unpaid overtime wages under the FLSA to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege (1) an employer-employee relationship between the plaintiff and defendant, (2) involvement in interstate activity, and (3) 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours. *Lundy*, 711 F.3d at 114 n.6; *Zhong v. August August Corp.*, 498 F. Supp.2d 625, 628 (S.D.N.Y. 2007); *see also* 29 U.S.C. § 207(a)(1) ("...no employer shall employ any of his employees who in any workweek is ***engaged in commerce*** or in the ***production of goods for commerce***, or is employed in an ***enterprise engaged in commerce or in the production of goods for commerce***, for a workweek

5

longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed" (emphasis added)).  There are two theories upon which a plaintiff can allege involvement in interstate activity: individual coverage and enterprise coverage.  *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985);  *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp.2d 114, 120 (E.D.N.Y. 2011).  "First, for an employee to qualify for individual coverage under the FLSA, he must have personally 'perform[ed] work involving or related to the movement of persons or things ... between states.'"  *Nichols v. Mahoney*, 608 F. Supp.2d 526, 547 (S.D.N.Y. 2009) (quoting 29 C.F.R. § 779.103).  Second, enterprise coverage exists if: (1) the enterprise's employees handle products that moved through channels of interstate commerce and (2) the enterprise has gross annual sales or projected gross annual sales in excess of $500,000.  29 U.S.C. 203(s)(1)(A); *Archie v. Grand Central P'ship., Inc.*, 997 F. Supp. 504, 528-31 (S.D.N.Y. 1998).

### 2.   Plaintiffs have failed to adequately allege any involvement in interstate activity that would trigger FLSA coverage.

Plaintiffs' factual allegations contained in their Second Amended Complaint relating to their claim of FLSA overtime violations are not facially plausible because they have not alleged facts indicating involvement in interstate activity through individual coverage or enterprise coverage.  *See Zhong*, 498 F. Supp.2d at 628 (citing to 29 U.S.C. §§ 206(a) and 207(a)(1)).  In Plaintiffs' Second Amended Complaint, Plaintiffs allege that "JTC is an 'employer' within the definition of 29 U.S.C. § 203(d)" and that "JTC is a painting contractor that provides commercial painting and decorating services in the

6

greater New York City area." Second Am. Compl., ¶¶ 12-14. However, these allegations are insufficient to state a plausible claim for involvement in interstate activity, as required to successfully plead a FLSA overtime claim.

First, Plaintiffs' Second Amended Complaint fails to adequately allege individual coverage because no facts are alleged indicating that Plaintiffs personally performed work related to the movement of persons or things between states. *See Nichols*, 608 F. Supp.2d at 547. Rather, Plaintiffs allege they were "employed by defendants as painters" without alleging, with any factual specificity, any personal performance of work related to interstate activity. Second Am. Compl., ¶ 15. Next, Plaintiffs' Second Amended Complaint fails to adequately allege enterprise coverage because there are no factual allegations that employees of JTC Painting handles goods that moved through interstate commerce, that JTC Painting has gross annual sales in excess of $500,000, or that JTC Painting is even an enterprise. *See Zhong*, 498 F. Supp.2d at 629 (finding that alleging the defendant was a covered enterprise as defined by 29 U.S.C. §§ 203(r) and (s) is sufficient to plead enterprise coverage). Rather, Plaintiffs Second Amended Complaint merely alleges that "JTC is an 'employer' within the definition of 29 U.S.C. § 203(d)...." Second Am. Compl., ¶ 12. The definition of 'employer' contained within 29 U.S.C. § 203(d) does not reference enterprise coverage or the requirements of enterprise coverage. As such, Plaintiffs' Second Amended Complaint does not sufficiently allege involvement in interstate activity and does not sufficiently state a claim upon which relief may be granted. Therefore, JTC Painting respectfully requests that the Court dismiss Plaintiffs' FLSA overtime claim pursuant to Rule 12(b)(6) of the F.R.C.P.

7

3.   **To the extent, if any, that Plaintiffs' Second Amended Complaint alleges a gap-time cause of action under the FLSA, such a claim must be dismissed.**

"A gap-time claim is one in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours *Lundy*, 711 F.3d at 115. "[T]he text of FLSA requires only payment of minimum wages and overtime wages…[i]t simply does not consider or afford a recovery for gap-time hours." *Id.* at 116. Therefore, a plaintiff asserting a gap-time claim asserts a plausible claim only if "the average hourly wage [for the hours worked under 40] falls below the federal minimum wage." *Id.* at 115. In the instant action, Plaintiffs allege that they were paid $33.50 to $39.50 per hour and "were paid straight time wages for all hours" worked. Second Am. Compl., ¶¶ 18, 20. As a result, Plaintiffs allegations demonstrate that its average hourly wage for the first 40 hours worked were in compliance with the minimum wage mandate of the FLSA. Thus, if Plaintiffs have alleged a gap-time cause of action, it must be dismissed, along with their FLSA overtime claim, for failure to state a claim upon which relief can be granted.

4.   **Plaintiffs' FLSA overtime claims should be dismissed with prejudice because the Court has put Plaintiffs on notice of their First Amended Complaint's pleading deficiencies; yet, Plaintiffs have failed to cure such deficiencies.**

"A dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08-CV-7508 (SAS), 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009); *see Ackerman v.*

8

*Ackerman*, 908 F. Supp.2d 540 (S.D.N.Y. 2012); *Tasini v. AOL, Inc.*, 851 F. Supp.2d 734, 745 n.5 (S.D.N.Y. 2012).  On June 19, 2013, this Court put Plaintiffs on notice that their Complaint was deficient to state a plausible FLSA claim by *sua sponte* dismissing their First Amended Complaint.  In the Court's Opinion, the Court referenced 29 U.S.C. § 207(a)(1) and *Lundy* as guidance for Plaintiffs in their drafting of their Second Amended Complaint.  29 U.S.C. § 207(a)(1) makes it clear that in order for the overtime provisions of the FLSA to apply, the plaintiff-employee or the enterprise employing the plaintiff-employee must be "engaged in commerce".  *Lundy* also specifically cites 29 U.S.C. § 207(a)(1) along with commonly cited precedent, such as *Nichols* and *Zhong*, which clearly identify involvement in interstate activity or commerce as a pleading requirement in a FLSA overtime cause of action.  *Lundy*, 711 F.3d at 114 (citing to 29 U.S.C. § 207(a)(1); *Nichols*, 608 F. Supp.2d at 547; and *Zhong*, 498 F. Supp.2d at 628).  Despite the Court's guidance and provision of cases clearly defining the pleading requirements for a FLSA overtime cause of action, Plaintiffs' Second Amended Complaint fails to sufficiently allege interstate activity or commerce by the individual plaintiffs or their employer, as discussed above.  Therefore, dismissal of Plaintiffs' FLSA overtime causes of action, with prejudice, is appropriate due to Plaintiffs' failure to correct this clear deficiency despite ample opportunity and notice provided by the Court.

**B.**     **Alternatively or in conjunction with Defendants Rule 12(b)(6) motion, Plaintiffs' FLSA and Labor Law claims should be dismissed for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1).**

**1.**     **Legal Standards**

As the party appealing to this Court for jurisdiction, Plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). This burden is not insignificant. In deciding a motion brought under Rule 12(b)(1), the court "need not accept contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to matters outside the pleadings." *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-CV-468 (DRH), 2006 WL 3314624, at *2 (E.D.N.Y. Nov. 14, 2006).

**2.**     **Plaintiffs' FLSA overtime causes of action should be dismissed for a lack of subject matter jurisdiction because their claims have been rendered moot by JTC Painting's offer of full satisfaction of their FLSA claims.**

It is long settled that concerns rooted in the Article III powers of our federal courts prohibit such courts from exercising and retaining jurisdiction over an action in the absence of a live "case or controversy" at its core. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) ( "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case.") Indeed, although a live controversy may exist when an action is commenced, subsequent developments may deprive such action of its adversarial posture or concrete nature, whereupon the case is properly dismissed as moot. *New York Criminal Bar Ass'n v. Newton*, 33 F. Supp.2d 289 (1999 S.D.N.Y.); *see*

*also Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013) ("If an

intervening circumstance deprives the plaintiff of a personal stake in the outcome of the

lawsuit, at any point during litigation, the action can no longer proceed and must be

dismissed as moot." (internal quotations and citations omitted)). Thus, "[a] case is moot,

and accordingly, the federal courts have no jurisdiction over the litigation, when the

parties lack a legally cognizable interest in the outcome . . . The required legally

cognizable interest has alternatively been described as a requirement that the plaintiff

have a personal stake in the litigation." *Fox v. Bd. Of Trs. Of the State Univ. of New York*,

42 F.3d 135, 140 (2d Cir. 1994) (internal quotations and citations omitted). More

specifically, for present purposes, the Second Circuit has held that, where "a defendant

offers the maximum recovery available to a plaintiff . . . the case is moot...." *Ward v.*

*Bank of New York*, 455 F. Supp.2d 262, 267 (S.D.N.Y. 2006).

However, courts have recognized certain situations in which dismissal for

mootness in the context of a FLSA collective action may be inappropriate; however, none

of these situations are present in the instant action. First, "[w]here additional plaintiffs

have opted in to the matter, and the Rule 68 offer does not include those plaintiffs, the

offer does not moot the case." *Velasquez v. Digital Page, Inc.*, 842 F. Supp.2d 486, 488

(E.D.N.Y. 2012). Second, the pendency of a motion for conditional certification may

render dismissal inappropriate. *See Rubery v. Buth–Na–Bodhaige, Inc.*, 494 F. Supp.2d

178, 181 (W.D.N.Y. 2007) (holding, in part, that dismissal for mootness was premature

where the court had not yet deciding plaintiff's pending motion for conditional

certification). However, the pendency, or even the granting of a motion for conditional

certification, may lack the determinative status previously accorded them by courts in this

11

circuit as a result of the Supreme Court's recent decision in *Genesis*. *See* 133 S.Ct. at 1530 (holding that conditional certification of a collective "does not produce a class with an independent legal status").  Third, dismissal for mootness has been found inappropriate where the defendant's offer potentially does not encompass all forms of relief to which the plaintiff is entitled under that cause of action, such as where the amount of appropriate relief is disputed or the offer is incomplete in some other material aspect, such as exclusion of attorney's fees. *Ward*, 455 F. Supp.2d at 267-268.  Fourth and finally, reflecting a judicial concern with attempts to evade FLSA collective actions by making Rule 68 offers of judgment at the earliest possible time, some courts are hesitant to allow defendants to purposefully "moot the class action complaint between the time of filing and class notification or certification." *Reed v. TJX Companies Inc.*, 2004 WL 2415055 (N.D.Ill. Oct. 27, 2004); *see Velasquez*, 842 F. Supp.2d at 488; *Ward*, 455 F. Supp.2d at 268.  As discussed further below, none of these particular situations are present in the instant action, rendering dismissal of the instant action on mootness grounds an appropriate outcome.

The instant motion calls for nothing more than routine application of established precedent.  This Court's recent decision in *Ward* is emblematic of the analysis appropriate to this case and illustrates that dismissal is proper.  In *Ward*, former Bank of New York tellers who received hourly wages brought a FLSA overtime claim against their former employer.  455 F. Supp.2d at 264.  Plaintiffs in *Ward* alleged that they had routinely worked over 40 hours per week, yet did not receive proper overtime pay.  *Id.* Approximately two months after filing, plaintiffs rejected a Rule 68 offer of judgment exceeding all potential FLSA overtime damages plaintiffs were entitled to recover under

12

the law and inclusive of reasonable attorney's fees. *Id.* at 265. At this time no additional opt-in plaintiffs had been located and there was no pending motion for conditional class certification before the court. *Id.* Defendant moved for dismissal based on lack of subject matter jurisdiction and argued that plaintiffs' rejection of the offer mooted Plaintiffs' claims. *Id.* The Court granted defendant's motion, citing specifically the lack of any opt-in plaintiffs during the action's 12 months of pendency and the absence of a pending motion for conditional class certification. *Id.* at 269-270.

The instant action presents a situation identical in all relevant aspects to *Ward.* Here, as in *Ward,* the first factor listed above indisputably poses no bar to dismissal because Plaintiffs have been unable to locate even one additional individual to opt-in to their purported collective action during the nearly 10 months since the filing of their original Complaint. Therefore, Boutros and Zuniga "advance only [their] own individual claims," which are ripe for resolution. *See id.* at 267. Additionally, the second factor points unambiguously to dismissal because Plaintiffs do not have a pending motion for conditional certification before the Court. *See id.* at 267-270. *Ward* acts as a guide with respect to the third factor as well. As the *Ward* Court noted, the damages alleged here are definitively calculable under the FLSA and Defendants' offer would indisputably more than compensate Plaintiffs' for the losses alleged in their Complaint and revealed in their discovery disclosures. *See id.* at 269. Indeed, Defendants' offers of judgment in the instant action used as a basis for calculation Plaintiffs' own claims of unpaid overtime and amounts owed as memorialized and determined by Plaintiffs themselves. *See* Exhibits B and C. As such, Plaintiffs cannot object to the amount offered for FLSA damages as insufficient to satisfy their claims. Furthermore, the amount offered by

13

Defendants includes allowances for reasonable costs and attorney's fees to be determined by this Court if the parties cannot agree.

The Eastern District's recent decisions in *Darboe v. Goodwill Industries*, 485 F.Supp.2d 221 (E.D.N.Y. 2007); and *Briggs* also present a compelling argument for dismissal. In *Darboe*, the court concisely demonstrates Defendants' entitlement to dismissal on mootness grounds in its holding:

> In this case, there is no question that the Rule 68 offer made to Plaintiff exceeds any actual damages claimed. The case has been pending for more than a year. No class has been certified and Plaintiff has not identified a single individual who seeks to become a part of the action. Under these circumstances, the Rule 68 offer of full damages renders deprives the plaintiff of his personal stake in the litigation and renders it moot. Accordingly, the case must be dismissed. 485 F. Supp.2d at 224.

Likewise, in the instant action, the Rule 68 offer of judgment made by JTC Painting exceeds the FLSA overtime damages claimed by Plaintiffs, the class has not been certified, and no additional plaintiffs have joined the collective action. As such, the *Darboe* holding grafts seamlessly onto the facts of the instant case and demonstrates that dismissal is proper.

As for the fourth and final factor, Defendants' actions do not implicate the concerns identified in *Velasquez* and *Ward* with the timing of an offer and motion to dismiss. *See Velasquez*, 842 F. Supp.2d at 488; *Ward*, 455 F. Supp.2d at 268. As the *Briggs* Court aptly noted, "there was nothing to prevent any similarly situated individuals from opting into this action." 2006 WL 3314624, at *3. Similarly, Plaintiffs in the instant action have had ample time to locate additional plaintiffs for this purported collective action and have faced no obvious impediments to doing so; yet have failed to include even one additional plaintiff to the collective action. Indeed, the court in *Briggs*

14

granted dismissal in favor of the defendant following an even shorter period of pendency prior to the offer. *See* 2006 WL 3314624, at \*1-2, 4-5 (offer of judgment made just one month after the case was filed.) Therefore, the present motion thus does not undermine the collective action mechanism provided by the FLSA; but rather, the instant motion merely seeks to expeditiously resolve a singular FLSA overtime claim that shows no indication of taking on new life as a collective action. This case reflects squarely the factual setting of both *Ward* and *Briggs*, and, as such, is ripe for an economical resolution.

As an additional matter related to the second situation concerning pendency of conditional certification, as addressed above, whatever Plaintiffs' intentions may be regarding a renewed motion for conditional certification, the Supreme Court's recent opinion in *Genesis* makes clear that certification in the FLSA context does not of itself preclude a finding of mootness, nor does it carry with it the independent legal significance that class certification pursuant to Rule 23 does. *Genesis*, 133 S.Ct. at 1523. The Court flatly rejected any implication that an otherwise moot case nonetheless retained life because of the presence of collective action allegations under the FLSA. Rather, the Court clearly distinguished between cases decided against the backdrop of a Rule 23 class action and those brought under the FLSA's collective action mechanism, holding that:

> More fundamentally, essential to our decisions in Sosna and Geraghty was the fact that a putative class acquires an independent legal status once it is certified under Rule 23. Under the FLSA, by contrast, "conditional certification" does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing

15

> written consent with the court, § 216(b). So even if respondent were to
> secure a conditional certification ruling on remand, nothing in that ruling
> would preserve her suit from mootness. *Id.* (internal citations omitted)

The Court further stated that "[w]hatever significance 'conditional certification' may

have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23."

*Id.* at 1532. Thus, clearly, the mere possibility of a renewed application for conditional

certification cannot save plaintiff's claim from the application of the mootness doctrine.

In the absence of any individuals who have elected to affirmatively opt-in to their

proceeding, Plaintiffs represent only themselves, and the chance that at some point in the

future they might move again for conditional certification has no bearing on the

continued viability of their claim. Thus, JTC Painting respectfully requests that this

Court finds that Plaintiffs' FLSA overtime claims are moot; thereby, subject to dismissal

for a lack of subject matter jurisdiction along with such claims purportedly brought on

behalf of others similarly situated.

> **3.**  **Plaintiffs' Labor Law causes of action should be dismissed for
> lack of subject matter jurisdiction because, without the FLSA
> overtime cause of action, there remains no common nucleus of
> operative fact to justify the exercise of supplemental
> jurisdiction.**

"[I]n any civil action of which the district courts have original jurisdiction, the

district courts shall have supplemental jurisdiction over all other claims that are so related

to claims in the action within such original jurisdiction that they form *part of the same*

*case or controversy* under Article III of the United States Constitution." 28 U.S.C. §

1367(a) (emphasis added). "[F]ederal courts have supplemental jurisdiction to hear

claims arising under state law when:

> (1) there is a claim arising under the constitution or federal laws; (2) the
> relationship between the federal claim and the state claim permits the
> conclusion that the entire action comprises but one constitutional case; (3)
> the federal claim has substance sufficient to confer subject matter
> jurisdiction on the court; and (4) the state and federal claims derive from a
> common nucleus of operative fact." *City of New Rochelle v. Town of
> Mamaroneck*, 111 F. Supp. 2d 353, 369 (S.D.N.Y. 2000) (citing to *Miller
> v. Lovett*, 879 F.2d 1066, 1071 (2d Cir.1989)).

"In determining whether two disputes arise from a 'common nucleus of operative fact,'

we have traditionally asked whether 'the facts underlying the federal and state claims

substantially overlapped . . . [or] the federal claim necessarily brought the facts

underlying the state claim before the court.'" *Achtman v. Kirby, McInerney & Squire,

LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting *Lyndonville Sav. Bank & Trust Co. v.

Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)). However, "[i]n most circumstances, a district

court should decline supplemental jurisdiction if all federal claims have been dismissed at

the pleading stage." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 130 (2d Cir. 2003); *see* 28

U.S.C. § 1367(c)(3).

Since Plaintiffs' FLSA wage claims are moot, as discussed above, the only

remaining claim alleged by Plaintiffs' Second Amended Complaint that would confer

subject matter jurisdiction upon the Court is Zuniga's individual FLSA retaliation claim.

*See* Second Am. Compl., ¶¶ 68-78. Therefore, all plaintiffs, other than Zuniga, no longer

have a federal question jurisdiction claim before the Court. Likewise, diversity

jurisdiction is unavailable because Plaintiffs and Defendant are both residents of New

York. Second Am. Compl., ¶¶ 10-13. Further, a common nucleus of operative fact does

not exist between Zuniga's retaliation claim and Plaintiffs' wage and statutory claims

under the Labor Law because the causes of action are wholly unrelated and arise under a

17

different set of facts. *See Achtman*, 464 F.3d at 335. Plaintiffs' Labor Law claims sets

forth facts alleging the non-payment of wages owed to a potential class of employees,

improper frequency of payment, and unlawful deductions while Zuniga's individual

FLSA retaliation claim sets forth facts alleging that JTC Painting caused an adverse

employment action to occur because Zuniga filed a lawsuit against JTC Painting. These

controversies take place at different times, involve different plaintiffs, and require

completely different factual support to ultimately prevail. Therefore, the facts alleged for

Plaintiffs' Labor Law claims are neither substantially overlapping with Zuniga's FLSA

retaliation claim nor necessarily brought by Zuniga's FLSA retaliation claim. *See id.*

Thus, JTC Painting respectfully requests that the Court declines to exercise of

supplement jurisdiction over Plaintiffs' Labor Law claims and dismisses such claims for

a lack of subject matter jurisdiction.

IV.   **CONCLUSION**

For the reasons discussed above, Defendants respectfully request that this Honorable Court enter an Order dismissing Plaintiffs' FLSA overtime claims with prejudice pursuant to Rule 12(b)(6).  In the alternative or in conjunction with Defendants' Rule 12(b)(6) motion, Defendants respectfully request that this Honorable Court dismiss the FLSA overtime claims and all Labor Law violations alleged by Plaintiffs, brought by themselves and on behalf of others, for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), along with any other or further relief this Court deems just and equitable.


Dated: August 2, 2013
      New York, NY                            Respectfully submitted,



LEVINE & BLIT, PLLC

By: Justin S. Clark (JC7795)
*Attorneys for Defendants*
350 Fifth Avenue, Suite 3601
New York, NY 10118
(212) 967-3000
jclark@levineblit.com

19

## CERTIFICATE OF SERVICE

I hereby certify that defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss was served upon the parties identified below on August 5, 2013 by ECF.

Cary Kane LLP
Joshua Parkhurst, Esq.
*Attorneys for Plaintiffs*
1350 Broadway, Suite 1400
New York, NY 10018

Dated: August 5, 2013
      New York, NY

Justin S. Clark (JC7795)
350 Fifth Avenue, Suite 3601
New York, NY 10118
(212) 967-3000
jclark@levineblit.com

20