UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                                      :

KAMAL BOUTROS, SAMUEL ZUNIGA,            :

                                 :          12 Civ. 7576  (PAE)
                           Plaintiffs,      :
                                   :         <u>OPINION & ORDER</u>

                       -v-                 :
                                   :

JTC PAINTING AND DECORATING CORP.,       :
JOHN CARUSO,                            :
                                 :
                       Defendants.     :
                                 :
-------------------------------------------------------------------:
                                  X

PAUL A. ENGELMAYER, District Judge:

       In this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"),

and New York Labor Law ("NYLL"), two painters, Kamal Boutros and Samuel Zuniga, allege

that their longtime employer, JTC Painting and Decorating Corporation, and its owner John

Caruso (collectively, "JTC"), failed to pay them overtime pay to which they were allegedly

statutorily and contractually entitled.  Zuniga also alleges that JTC retaliated against him after he

filed this lawsuit, in violation of the FLSA.  JTC now moves to dismiss.  It argues that (1)

plaintiffs fail to plead facts sufficient to establish subject matter jurisdiction under the FLSA; (2)

Boutros's FLSA claim was mooted by JTC's offer of judgment under Federal Rule of Civil

Procedure 68; and (3) if Boutros's FLSA overtime claim is moot, the Court should decline to

exercise supplemental jurisdiction over plaintiffs' state-law claims.  For the reasons that follow,

the Court denies the motion to dismiss.

# I.  Background

## A.  Factual Allegations[1]

Boutros and Zuniga are painters who worked for JTC, a painting contractor.  TAC ¶¶ 10–12.  Caruso is an owner and/or officer of JTC who controls its employment practices, including payment of salary to Boutros and Zuniga.  *Id.* ¶¶ 13, 16.  JTC is subject to a collective bargaining agreement ("CBA") under which, for every hour a painter works in excess of 35 hours a week ("CBA overtime"), JTC will pay him one and a half times his regular hourly rate.  *Id.* ¶¶ 22, 24.

Boutros and Zuniga allege that JTC failed to pay them and their colleagues overtime pay, both as required by the CBA, and by the FLSA, under which overtime is required to be paid by covered employers for an employee's work in excess of 40 hours per week ("FLSA overtime").  *Id.* ¶ 25.  Instead, for overtime hours, they were paid at their normal hourly rate, *id.*, either in cash or by means of a non-payroll check, *id.* ¶ 30.  Boutros and Zuniga's wage rates during their employment were between $33.50 and $39.50 per hour.  *Id.* ¶ 23.

Boutros alleges that JTC failed to pay him at least 308 hours of FLSA overtime and 963 hours of CBA overtime, dating back to 2009.  *Id.* ¶¶ 26–27.  Zuniga alleges that JTC failed to pay him at least 423 hours of FLSA overtime and 856 hours of CBA overtime, also dating back to 2009.  *Id.* ¶¶ 28–29.  Both men also allege that JTC owes them for CBA overtime they performed before 2009, but they do not have records for that work, and have not quantified the

---

[1] For the purpose of resolving the motion to dismiss, the Court assumes all facts pled in the Third Amended Complaint ("TAC") (Dkt. 52) to be true, drawing all reasonable inferences in favor of the plaintiff.  *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

The following abbreviations are used herein for the parties' memoranda of law:  (1) Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative or in Conjunction, Motion to Dismiss Pursuant to Rule 12(b)(1) ("Def. Br.") (Dkt. 43); (2) Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pl. Br.") (Dkt. 46); and (3) Defendants' Reply in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) or, in the Alternative or in Conjunction, Motion to Dismiss Pursuant to Rule 12(b)(1) ("Def. Reply Br.") (Dkt. 49).

overtime hours prior to 2009 for which they have not been paid. *Id.* ¶¶ 27, 29. JTC allegedly similarly denied overtime to its more than 100 other painters. TAC ¶¶ 31–34.

**B.   The Initial Complaint, JTC's Alleged Retaliation, and the Amended Complaints**

On October 10, 2012, plaintiffs filed their initial Complaint, bringing claims under the FLSA and a putative class action under NYLL. Dkt. 1. On November 5, 2012, defendants answered. Dkt. 4.

After plaintiffs filed the Complaint, JTC "told Zuniga that he was being terminated from his job, and sent him home." TAC ¶ 74. Zuniga's attorneys intervened, and JTC brought Zuniga back to work, but it assigned him to a new supervisor, who offered that JTC would pay him a significant sum of money and find employment for a relative if he withdrew from the lawsuit. *Id.* ¶¶ 75–76. Zuniga told the supervisor that any offers should be made to his attorneys. *Id.* ¶ 77. In response, JTC ceased offering Zuniga work on long-term projects; JTC now allegedly offers him only brief, undesirable assignments, even though more junior painters continue to receive long-term work. *Id.* ¶¶ 77–79.

On February 25, 2013, the parties stipulated that plaintiffs could amend the Complaint to add retaliation claims by Zuniga. Dkt. 12. On March 1, 2013, plaintiffs did so, filing their First Amended Complaint (FAC). Dkt. 15.

On March 15, 2013, plaintiffs filed a motion for conditional collective action certification and court-approved notice. Dkt. 18–22. On April 11, 2013, defendants filed an opposition. Dkt. 24–27. On April 17, 2013, plaintiffs filed a reply. Dkt. 28.

On June 19, 2013, the Court, *sua sponte,* dismissed plaintiffs' FLSA overtime claims and denied their motions for conditional collective action certification and court-approved notice. Dkt. 31. The Court acted on the basis of the decision in *Lundy v. Catholic Health Systems of*

*Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), handed down the same day that the FAC was filed, which held that plaintiffs bringing a FLSA overtime claim must allege not merely that they *typically* worked unpaid overtime, but must specify *at least one week* in which they worked overtime hours but were not paid overtime.  The Court's dismissal was without prejudice to plaintiffs' right to amend.

On July 12, 2013, plaintiffs filed a Second Amended Complaint ("SAC").  Dkt. 33.  For both Boutros and Zuniga, the SAC identified numerous weeks, beginning in October 2009, in which Boutros and Zuniga had worked specific overtime hours, but had not been paid overtime rates.  SAC ¶¶ 21–24.

### C.   JTC's Rule 68 Offers of Judgment

On July 16, 2013, JTC served Offers of Judgment, pursuant to Rule 68, on Boutros and Zuniga.  These offers were keyed to the specific overtime hours alleged in the TAC and, covered "any unpaid wage liability claimed in this action under the Fair Labor Standards Act."  Clark Decl. Ex. E.  On August 1, 2013, Zuniga accepted, but Boutros rejected, the Rule 68 Offers.  *Id.* The offer to Zuniga did not, however, extend to his FLSA retaliation claim or his claims under the NYLL.

### D.   JTC's Motion to Dismiss

On August 5, 2013, JTC moved to dismiss the SAC.  Dkt. 41–43.  It argued, first, that the SAC failed to allege that JTC is an enterprise covered by the FLSA, in that it did not allege either that JTC engages in interstate activity or has gross annual sales above $500,000.  Second, it argued, Boutros's FLSA overtime claim is moot because JTC's Rule 68 Offer of Judgment would have fully compensated him for that claim.  Third, JTC argued, assuming Boutros's FLSA claim was dismissed, the Court lacked subject matter jurisdiction over the NYLL claims, because

there is no common nucleus of fact between those claims and Zuniga's FLSA retaliation claim, the only remaining federal claim.

On August 19, 2013, plaintiffs filed their opposition. Dkt. 46–47. On August 26, 2013, defendants replied. Dkt. 48–49.

On October 2, 2013, the Court held argument. At argument, the Court granted plaintiffs leave to amend the SAC, for the limited purpose of curing their pleadings as to whether JTC was an FLSA enterprise, which plaintiffs represented they could do. Dkt. 51. With regard to the other aspects of the pending motion to dismiss, the parties agreed to rest on their existing briefs. *Id.* On October 4, 2013, plaintiffs filed their Third Amended Complaint, including three paragraphs (¶¶ 18–20) as to FLSA coverage. Dkt. 52.

## II.   Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("*ATSI*"). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.    Discussion

#### A.  Enterprise Coverage

The FLSA requires that covered employers pay their workers at an overtime rate of one and a half times their normal hourly rate for a workweek longer than 40 hours.  29 U.S.C. § 207(a)(1).  An employer is covered by the FLSA if it is engaged in interstate commerce and has gross annual sales above $500,000.  29 U.S.C. § 203(s)(1).  In its motion to dismiss, JTC argued that the SAC failed to plead either that JTC handled goods that moved through interstate commerce or had gross annual sales in excess of $500,000.  Def. Br. 7.  That argument was well-founded.  However, at argument, on plaintiffs' representation that they could cure this deficiency with proper factual allegations, the Court granted plaintiffs leave to amend solely for that purpose.  Dkt. 51.

The TAC, which plaintiffs filed on October 4, 2013, cures this problem.  It alleges that JTC's painters (more than 100) are employees who use tools, paint, and other materials that travel in interstate commerce.  TAC ¶ 18.  It also alleges that JTC offers services in the "New York Tri-State area," *id.*, and that its annual revenues exceed $500,000, *id.* ¶ 19.  These pleadings satisfactorily allege that JTC is an enterprise covered by the FLSA.

#### B.  Mootness

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (citation omitted).  "[A]n actual controversy must be extant at all stages of review."  *Id.* (citation omitted).  "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot."  *Id.* (citation omitted).

JTC argues that Boutros's FLSA claim is moot because it offered him full compensation in its Rule 68 Offer of Judgment. Def. Br. 10–16. Plaintiffs dispute, factually, that JTC offered Boutros full compensation. Def. Br. 11–14. Alternatively, they argue, as a matter of law, that even if defendants had offered Boutros full compensation for his own FLSA claims, that that offer would not moot his lawsuit, both because he and Zuniga have moved to certify this case as a collective action, and because Boutros's refusal to accept the Offer of Judgment requires it to be treated as withdrawn, so as not to moot his claim.

Plaintiffs' latter two arguments fail. Plaintiffs may not rely on their supposedly pending motion to certify a collective action, because the Court dismissed that motion more than three months ago, Dkt. 31, and plaintiffs have not renewed it. Nor may plaintiffs rely on the fact that they did not accept JTC's Offer of Judgment. Although "there are good reasons to question the proposition that an unaccepted, or rejected, offer of judgment under Rule 68 can moot a plaintiff's claim . . . the ship has sailed on that question, at least in this Circuit, as the Court of Appeals has made clear." *Pla v. Renaissance Equity Holdings LLC*, No. 12 Civ. 5268 (JMF), 2013 WL 3185560 at \*4 (S.D.N.Y. June 24, 2013) (citation omitted). *See, e.g.*, *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) (an offer of maximum recovery under Rule 68 moots a case once a district court enters default judgment in favor of the plaintiff for that amount; *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983) (Friendly, J.) ("[T]here is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied."); *see also Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 81 (2d Cir. 2013) ("[A]n offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III.").

The decisive question, then, is factual:  Did defendants offer Boutros the "maximum recovery available" under the FLSA?  *Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (Chin, J.).  Only an offer of the maximum recovery possible would deprive Boutros of a personal stake in the outcome; if Boutros can plausibly argue that he might be able to obtain a greater recovery at trial, then there remains a live controversy between him and JTC.  *See McCauley*, 402 F.3d at 341 (offer included "the only possible damages [plaintiff] may still recover."); *Abrams*, 719 F.2d at 32 ( "all that remains is their individual claims, for which Interco admittedly has offered to pay much more than plaintiffs could obtain by suit."); *Ward*, 455 F. Supp. 2d at 269–70 ("BONY's offer far exceeds all Ward could recover at trial."); *cf. id.* ("Courts have, however, denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed.").

Boutros and JTC disagree as to whether JTC has in fact offered Boutros the maximum amount Boutros could recover under his FLSA claim.  JTC notes that it offered to compensate Boutros for *exactly* 308 hours of overtime, matching the total of the overtime hours enumerated in the TAC.  Boutros, by contrast, notes that the TAC alleges that JTC owes him for "*at least* 308 hours" of FLSA overtime, TAC ¶ 26, and that, until he has received full discovery, he cannot know whether there were additional overtime hours for which he went uncompensated.

Both parties make plausible arguments.  Boutros explains that the TAC's estimate of "at least 308 hours" of unpaid overtime was based on his diary and on the payroll records which JTC turned over in initial discovery.  However, he argues, JTC's payroll records are flawed, *id.* ¶ 31, and may be incomplete; they therefore cannot be taken as a reliable representation of his full work hours.  He argues that, to draw an accurate conclusion as to his hours, he will need to

review other documents, such as sign-in sheets, sign-out sheets, job site documents, and cash disbursement journals, and possibly take depositions.

In response, defendants point to an email exchange between counsel, made in the context of informal efforts to resolve this case, in which the defense pressed for "a hard number as to what your clients are claiming in unpaid overtime, based on hours over forty (40) in a work week, so that we can proceed towards resolution." Clark Decl. Ex. A. Plaintiffs responded by referencing a chart of Boutros's hours that he had previously provided. *Id.* Defendants used the 308 hours in that chart (which dovetailed with the 308 hours listed in the TAC) to calculate their Rule 68 Offer. JTC effectively argues that Boutros is estopped from claiming higher damages. But that is unpersuasive. Plaintiffs' counsel may fairly be faulted for imprecision for failing to state that the chart was subject to the possibility that discovery would reveal a basis for claiming additional overtime hours. But that lapse does not undo the TAC's explicit pleading that there were "at least 308 hours" that went uncompensated. TAC ¶ 26; *see also* SAC ¶ 21. Nor would it preclude Boutros from arguing for greater FLSA overtime damages at trial, assuming that evidence adduced in discovery supports that claim.

At the motion to dismiss stage, the Court cannot resolve this factual dispute against Boutros—it must accept as true all well-pleaded factual allegations in the TAC. *ATSI*, 493 F.3d at 98. That includes Boutros's factual allegation that JTC failed to pay him for *at least 308 hours* worked in excess of 40 hours in a week. Given that, defendants' Offer based on *only* 308 hours does not assuredly give Boutros his maximum possible recovery. Boutros and JTC still have a live controversy. Boutros's FLSA claim is not moot.[2]

---

[2] To be sure, Boutros runs a risk in not accepting the Rule 68 Offer. If he cannot establish greater FLSA damages than those offered by JTC, under Rule 68, he will be obligated to compensate JTC for "the costs [it] incurred after the offer was made." Fed. R. Civ. P. 68; *Marek*

### C. Supplemental Jurisdiction

Defendants finally argue that, if Boutros's FLSA claim is dismissed as moot, the Court should decline to exercise supplemental jurisdiction over the state law claims. However, because Boutros's FLSA overtime claim remains live, the Court will continue, for the time being, to exercise supplemental jurisdiction.

## CONCLUSION

For the reasons stated above, the Court denies defendants' motion to dismiss. The Court will hold a conference to discuss the management of this case on Monday, October 28, 2013, at 5 p.m., in Courtroom 1305 of the Thurgood Marshall U.S. Courthouse, 40 Centre Street, New York, New York 10007. In advance of that conference, the Court directs the parties to meet and confer and to prepare a revised Civil Case Management Plan and Scheduling Order in accordance with the Court's Individual Rules. Counsel are directed to submit the Civil Case Management Plan and Scheduling Order to the Court by October 23, 2013.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: October 15, 2013
New York, New York

---

*v. Chesny*, 473 U.S. 1 (1985); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361–62 (S.D.N.Y. 2006) *aff'd*, 249 F. App'x 845 (2d Cir. 2007).